IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORRAINE SEDILLO CASTILLO,

    Plaintiff,

vs.                                                    No. CIV 00-1417 JP/LCS

CITY OF HOBBS, TONY KNOTT
and OFFICER JOHN DOE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

On August 16, 2001, Defendant Laura Wall filed a Motion Pursuant to Rule 11 (Doc. No. 30) along with a Memorandum in Support of Defendant's Motion Pursuant to Rule 11 (Doc. No. 31). Plaintiff has not served or filed a response in opposition to the motion. Consequently, Plaintiff is deemed to have consented to the granting of the motion. D.N.M.LR-Civ. 7.5(b). Moreover, the memorandum filed in support of the motion and other information in the court record clearly support granting the motion on its merits, as well.

In a Complaint filed October 21, 2000, and signed by Glen L. Houston as attorney for the Plaintiff, Plaintiff alleged that Defendant Laura Wall seized her unreasonably in violation of the Fourth Amendment of the United States Constitution, violated Plaintiff's right of substantive due process, violated Plaintiff's right to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution and committed a battery on Plaintiff.

By a letter dated March 26, 2001 addressed to Glen Houston, Attorney for the Plaintiff, counsel for Defendant Laura Wall sent to Mr. Houston a proposed motion under Rule 11 and stated "I think you know that Officer Wall had nothing to do with the stop of your client. I do

not understand why she is a party to this suit."

Between March 26, 2001 and May 11, 2001, neither the Plaintiff nor her attorney indicated that the Plaintiff's claim against Laura Wall would be withdrawn. To the contrary, on May 11, 2001, the Plaintiff swore, under oath, in verified answers to a request for admissions that Defendant Laura Wall assisted in an assault on Plaintiff on October 21, 1998. Thereafter, from May 11, 2001 to May 25, 2001, the date of Plaintiff's deposition, neither the Plaintiff nor her attorney Glen Houston indicated that Plaintiff's claims against Defendant Laura Wall would be withdrawn.

At her oral deposition on May 25, 2001, Plaintiff testified, under oath, as follows:

> "Q. Do you know who Laura Wall is?
> A. Yes.
> Q. And who is she?
> A. She was an officer that came on to the scene shortly after I was handcuffed.
> Q. Did you say anything to her?
> A. I don't recall saying anything to her.
> Q. Did she do anything?
> A. No.
> \* \* \*
> Q. Do you know whether she knew the circumstances of the stop?
> A. No, I don't think she knew what was happening.
> Q. Did she touch you or do anything with regard to you?
> A. No.
> Q. Do you know why she's a defendant in this lawsuit?
> A. Because she was there.
> Q. That's why you sued her?
> A. Oh, no, I am not – I believe there was a mistake because in the beginning I have always claimed it was Officer Patterson and I claimed that she was just there.
> Q. Do you have any claim whatsoever against Officer Wall?
> A. No, none at all. In fact, she was - she was nice. I – she – very professional, just –
> Q. Did you know she was Hispanic?
> A. Yes, I did. I could see it.
> Q. You're not accusing her of any racial conduct, are you?
> A. No.
> Q. Do you know why she was sued?

2

> A. I – do you want me to answer that?
> MR. LAUGHLIN: If you have any idea, go ahead, yeah, answer him.
> A. I think the – when I first went to Glen Houston, or his assistant Rick, I think there was a mixup when they were writing down my story. And I never contacted them again until I heard from them recently when this actually doing to – when I was being told that this was going to Court.
> Q. Did you ever see the complaint that was filed in this lawsuit?
> A. Yes."

Despite the Plaintiff's testimony under oath on May 25, 2001 that Plaintiff had "no claim whatsoever against Officer Wall," neither the Plaintiff nor her attorney Glen Houston took any steps to withdraw the serious allegations and claims made in Plaintiff's Complaint against Defendant Laura Wall before the pretrial conference on July 24, 2001. During the pretrial conference on July 24, 2001, the Court inquired about Plaintiff's claims against Defendant Laura Wall and at that time Attorney Glen Houston finally conceded that all claims against Defendant Laura Wall were meritless and should be withdrawn. Finally, on August 23, 2001, Glen L. Houston, as counsel for the Plaintiff filed a "Stipulated Partial Dismissal with Prejudice" (Doc. No. 36) dismissing Plaintiff's claim against Defendant Laura Wall with prejudice.

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent parts:

"(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, –

\* \* \*

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contents have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
> (1) How Initiated.
> (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegations, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

It is clear that Attorney Glen Houston violated various provisions of Rule 11 by failing to properly and adequately investigate the factual basis of the allegations he made in the Complaint on behalf of the Plaintiff. Moreover, it is clear that Attorney Glen Houston's made claims for relief based on several alleged violations of the Constitution and other laws that had no merit. Moreover, it is clear that counsel for Defendant Laura Wall followed, appropriately, the safe harbor provision of Rule 11 by giving Attorney Glen Houston notice of intent to file a motion for sanctions unless the claims against Defendant Laura Wall were withdrawn. Attorney Glen Houston did not withdraw the claims within twenty-one days after service of the motion in accordance with Rule 11(c)(1)(A).

In her motion made under Rule 11, Defendant Wall seeks sanctions only against Attorney Glen Houston, counsel for the Plaintiff, and not against the Plaintiff herself. In addition, it is not clear to the Court whether Attorney Glen Houston ever sent to Plaintiff Lorraine Sedillo Castillo a copy of the proposed Motion Pursuant to Rule 11 that had been mailed to Attorney Glen

Houston by letter dated March 26, 2001. Under these circumstances, it appears appropriate to impose sanctions under Rule 11 only against Attorney Glen Houston.

IT IS THEREFORE ORDERED THAT:

1. The Motion Pursuant to Rule 11 (Doc. No. 30) filed August 16, 2001 by Defendant Laura Wall is granted;

2. Sanctions will be imposed under Rule 11(c) against Attorney Glen Houston for his violations of Rule 11; and

3. By October 22, 2001, counsel for Defendant Laura Wall must file and serve an affidavit setting forth the attorney's fees and costs incurred in defending Defendant Laura Wall in this action and in preparing the Motion Pursuant to Rule 11 and related briefs.

                                                _____
                                                CHIEF UNITED STATES DISTRICT JUDGE