IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORRAINE SEDILLO CASTILLO,

    Plaintiff,

vs.                                                Civ. No. 00-1417     JP/LCE - ACE

CITY OF HOBBS, TONY KNOTT,
and DAVID PATTERSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 14, 2001, Defendants filed a motion for summary judgment (Doc. No. 28) directed at Plaintiff's six-count complaint.[1] The six counts in Plaintiff's complaint are premised upon what Plaintiff alleges was an illegal arrest and use of excessive force by Officer Patterson of the Hobbs Police Department, charges levied in Counts I and II of her complaint. Count III of Plaintiff's complaint alleges that Officer Patterson's arrest was illegal under the Fourteenth Amendment because it was the product of illegal discrimination based on Plaintiff's race and sex.

---

[1] Plaintiff has since amended her complaint, and now names only the City of Hobbs, Police Chief Tony Knott, and Police Officer David Patterson as defendants. In her original complaint Plaintiff had included Police Officer Laura Wall and Officer John Doe as defendants. The first amended complaint substitutes David Patterson in the place of the John Doe sued in the original complaint and omits claims against Laura Wall that were asserted in the first complaint. Although the motion for summary judgment is directed to the original complaint, the Court now construes it in relation to the allegations of the first amended complaint.

The remaining counts in Plaintiff's complaint are derivative claims that depend on one of the first three counts for their success. Count IV of Plaintiff's complaint states a claim of common law battery claim against Officer Patterson. Count V alleges that Tony Knott, the chief of the Hobbs Police Department, is liable as Officer Patterson's supervisor because he knew or should have known that Officer Patterson was acting in an unconstitutional manner when making traffic arrests. Finally, Count VI alleges that the City of Hobbs condoned a pattern of unconstitutional arrests by Hobbs Police Officers, conduct that subjects the municipality to liability.

According to the undisputed facts, Defendant Police Officer David Patterson observed Plaintiff drive the wrong way down a one way street in violation of NMSA 1978, § 66-7-316 (1978). Office Patterson then stopped Plaintiff's automobile, ordered Plaintiff out of her car, and placed her in handcuffs for approximately four minutes. Pl.'s Resp. at 4; Defs.' Reply, Ex. C, Interrogatory 17. After assessing the situation, Officer Patterson released Plaintiff without issuing a citation.

*The Summary Judgement Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying that standard, the Court examines the factual record and the reasonable inferences arising therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come

forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

The non-moving party may not avoid summary judgment by resting upon mere allegations or denials in the pleadings. *Id.* To withstand a motion for summary judgment, the non-movant must make "specific reference" to evidence in the record. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); D.N.M. LR-Civ. 56.1(b). Unsubstantiated allegations, no matter how true they might be, cannot be considered. *Gross*, 53 F.3d at 1546.

*Discussion*

Resolution of Defendants' motion is governed by *Atwater v. City of Largo Vista*, 532 U.S. 318, 121 S. Ct. 1536 (2001). In *Atwater*, the Supreme Court held that an individual's Fourth Amendment rights were not violated when a police officer arrested a female motorist for failing to wear a safety belt, a petty misdemeanor under Texas state law. After observing Atwater driving without her safety belt on, the police officer stopped Atwater's car, handcuffed her, placed her in his patrol car, and transported her to the police station for booking. *Atwater*, 121 S. Ct. at 1542. The Supreme Court held that when an officer of the law "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater*, 121 S. Ct. at 1557.

Plaintiff contends that *Atwater* permits an arrest for minor traffic offenses only when authorized by state statute. *U.S. v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001) (acknowledging that, under *Atwater*, a "law enforcement officer can make a warrantless arrest only if a federal or state law imbues him with that authority."). Plaintiff relies on the text of NMSA 1978, § 66-8-123 (1978), for the proposition that Officer Patterson's "handcuffing

3

Plaintiff and placing her in the back of his patrol car" was contrary to state law, and thus, violated the Fourth Amendment's prohibition on unreasonable seizures. Pl.'s Resp. at 5. Section 66-8-123 (A) states:

> [W]henever a person is arrested for any violation of the Motor Vehicle Code or other law relating to motor vehicles punishable as a misdemeanor, the arresting officer, using the uniform traffic citation, shall complete the information section and prepare a notice to appear in court, specifying the time and place to appear, have the arrested person sign the agreement to appear as specified, give a copy of the citation to the arrested person and release him from custody.

According to Plaintiff, because the statute does not specifically authorize handcuffing a motorist when making an arrest for a traffic violation, both her arrest and the level of force used during her arrest violated the Fourth Amendment.

Defendants argue that Plaintiff's arrest was valid under New Mexico law. Defendants' argument is supported by the plain language of Section 66-8-123, by the Motor Vehicle Code, and by New Mexico's case law. The text of Section 66-8-123 authorizes a police officer to "arrest" anyone violating New Mexico's Motor Vehicle Code. As *Atwater* makes clear, a police officer making a valid arrest may take incidental safety measures for the police officer's benefit, such as ordering the offender out of the car and placing her in handcuffs. 121 S. Ct. at 1542. Ordinarily, in New Mexico a motorist under arrest for a traffic offense can secure her immediate release by giving her "written promise to appear in court or to pay the penalty assessment prescribed or acknowledge receipt of a warning notice." Section 66-8-123 (D). If the motorist refuses to do any of these things and the arresting police officer desires to issue a citation, the police officer must immediately take the offender into custody and present her to a magistrate judge. NMSA 1978, § 66-8-122 (F) (1953).

4

Yet, a police officer is not bound to issue a citation to every offender each time the officer makes an arrest for a violation of the Motor Vehicle Code. A police officer has discretion not to charge an arrested person for violating the Motor Vehicle Code and may release the person from custody without issuing a citation, just as happened here. But whatever the outcome of a particular stop may be, it is clear that the legislature's use of the word "arrest" was purposeful, and was intended to allow an officer to take physical custody of an offender, at least briefly, to investigate the offense. Although the outcome of the investigation may result in the issuance of a citation, a simple release, or a trip to the magistrate judge, there is nothing in Section 66-8-123 that prevents a person from being placed in handcuffs during the course of a lawful arrest. *See*, *e.g.*, *Neague v. Cynkar*, 258 F.3d 504, 508 (6th Cir. 2001) (holding that "the handcuffing of a person in the course of an otherwise lawful arrest fails, as a matter of law, to state a claim for excessive force.")

Plaintiff argues that Section 66-8-123 authorizes a police officer only to issue a citation, and does not provide the authority for a police officer to take custody of and handcuff a person who violates a traffic law. Plaintiff overlooks the Motor Vehicle Code provision which states that the procedure outlined in Section 66-8-123 "is not exclusive of any other method prescribed by law for the arrest and prosecution of a person violating these laws." NMSA 1978, § 66-8-127 (1978). Presumably another "method prescribed by law" is NMSA 1978, § 3-13-2 (A)(4) (1965), a statute referenced in the appendix of the *Atwater* opinion, which authorizes municipal police officers to "apprehend any person in the act of violating the laws of the state or the ordinances of the municipality and bring him before competent authority for examination and trial." Although as a matter of public policy it may be a wiser use of public resources to issue a citation, that is not

5

the issue. Sections 66-8-127 and 3-13-2 support Defendants' argument that a person can be arrested, handcuffed, and taken into custody under state law for violating even minor traffic offenses because such laws are "the laws of the state." Section 3-13-2 (A)(4).

New Mexico case law also supports the argument that a person violating the Motor Vehicle Code can be placed under custodial arrest. In *Cave v. Cooley*, 48 N.M. 478, 152 P.2d 886 (1944), a case that addressed circumstances similar to those presented here, the New Mexico Supreme Court clarified the state's common law of warrantless arrest. In *Cave*, the New Mexico Supreme Court approved of a jury instruction that permitted a police officer to arrest a motorist for speeding and refusing to pull over and stop. *Cave* provides persuasive authority for Defendant's argument because the Supreme Court determined that under the facts of that case a similarly structured statutory scheme favoring the issuance of citations did not diminished the police officer's authority to arrest the motorist. 48 N.M. at 482, 152 P.2d at 889; *see also* N.M. Att'y Gen. Op. No. 61-117 (concluding that New Mexico law permits the physical arrest of a person violating the Motor Vehicle Code in lieu of issuing a citation).

Because Section 66-8-123 specifically gives police officers the authority to arrest, and the Motor Vehicle Code and state case law support arrests for traffic violations, the Court finds no support for the argument that Officer Patterson violated Plaintiff's Fourth Amendment rights

when he ordered Plaintiff out of her car and placed her in handcuffs.[2] This case is controlled by the holding of *Atwater*, a holding which recognizes that although handcuffing a person for minor traffic violations may be a "pointless indignity," it is not conduct the Fourth Amendment is designed to redress. 121 S. Ct. at 1554. Therefore, the Court will grant summary judgment on Counts I and II of Plaintiff's complaint, in which Plaintiff asserts that Officer Patterson illegally seized her during the traffic stop, and used excessive force in doing so.

Because Counts I and II of Plaintiff's complaint do not state viable claims, summary judgment also will be granted on their dependent, derivative claims asserted in Counts IV and VI. Likewise, summary judgment will be granted on Plaintiff's claims of constitutional violations levied against Police Chief Tony Knott in Count V, insofar as these claims rest on alleged violations of the Fourth Amendment.

Plaintiff alleges in Count III that Officer Patterson violated her rights under the equal protection clause of the Fourteenth Amendment by treating her as he did because she is an Hispanic female. The only evidence Plaintiff offers in support of her claim is that she is female and Hispanic. Plaintiff never informed the Court what Officer Patterson's race or ethnicity is. Nonetheless, for the purposes of this motion, the Court will presume that Officer Patterson is not

---

[2] Plaintiff's counsel contends that Officer Patterson also placed Plaintiff in the back of his patrol car. Counsel does not provide a citation to evidence in the record supporting that claim, despite the requirement under the Court's briefing rules that he do so. D.N.M.LR-Civ. 56.1(b) (stating that the briefs "must refer with particularity to those portions of the record upon which the opposing party relies"); *see also Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). The Court, having combed the portions of the record that were made available, finds no support for this proposition. Plaintiff never mentioned it during her deposition or in her answers to Defendants' interrogatories. Defs.' Reply, Ex. C. The Court admonishes counsel to take seriously his duty of candor. Rule 16-303 NMRA 2001 ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal.").

Hispanic. For Plaintiff's equal protection claim to survive, Plaintiff must demonstrate that she was treated differently than others similarly situated. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998) ("[A]t the heart of any equal protection claim must be an allegation of being treated differently than those similarly situated"); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."). That is, Plaintiff must produce evidence that similarly situated offenders of the Motor Vehicle Code were treated differently because they were not Hispanic.

Instead of providing specific evidence that similarly situated non-Hispanic motorists were treated differently, Plaintiff merely points to the negotiated settlement of a case filed in the United States District Court for the District of New Mexico, *Johnson v. City of Hobbs*, Civ. No. 99-348 MV/WWD - ACE. *Johnson* was a class-action suit alleging racial discrimination, which the City of Hobbs settled with African-American plaintiffs residing within the City. That negotiated settlement is not evidence of discrimination against Hispanic motorists in Hobbs, and it does not relieve Plaintiff of her burden to produce some evidence to overcome Defendants' summary judgment motion. The settled law in the Tenth Circuit is that allegations, no matter how true they might be, will not standing alone defeat a motion for summary judgment. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995).

Without specific evidentiary support for her allegations, Plaintiff's equal protection claim fails. *Id*. The fact that Officer Patterson may be of a different race or ethnicity than Plaintiff, which the Court assumes for Plaintiff's benefit, is not enough to maintain an equal protection claim. *Ford v. Wilson*, 90 F.3d at 245, 248-49 (7th Cir. 1996). Plaintiff must provide evidence of

a pattern of racial discrimination by Officer Patterson against Hispanic or female motorists. *Id*. Plaintiff simply has not met her evidentiary burden in that regard. Therefore, the Court will grant summary judgment on Count III of Plaintiff's complaint.

Plaintiff's Count III having failed, the Court also will grant summary judgment on the derivative claims in Count V against Defendant Knott that depend on the equal protection claims asserted in Count III for their viability. It appears that Plaintiff alleges no claims against Defendant Knott under Count V apart from her claims of supervisory liability based on Officer Patterson's alleged violations of the Fourth and Fourteenth Amendments. Plaintiff certainly has offered no evidence to support additional claims against Defendant Knott under Count V that are independent of her constitutional claims. Hence, summary judgment will be granted on Count V in its entirety.

IT IS THEREFORE ORDERED that Defendants motion for summary judgment (Doc. No. 28) is GRANTED as to all claims in Plaintiff's amended complaint.

_____
CHIEF UNITED STATES DISTRICT JUDGE